1

2 **UNITED STATES DISTRICT COURT**

3 **DISTRICT OF NEVADA**

4

5 GABRIEL BOURNE,                                      3:16-cv-0499-MMD-VPC

6                                          Plaintiff,

7     v.                                              **REPORT AND RECOMMENDATION**
                                                       **OF U.S. MAGISTRATE JUDGE**
8 MICHAEL EWALD, et al.,

9                                        Defendants.

10

11        This Report and Recommendation is made to the Honorable Miranda M. Du, United States

12 District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C.

13 § 636(b)(1)(B) and LR IB 1-4.  Before the court is plaintiff's failure to file an amended complaint

14 curing the deficiencies outlined in the court's screening order (ECF No. 3).  For the reasons

15 described below, the court recommends that this case be dismissed with prejudice.

16        Plaintiff, acting *pro* se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No.

17 1-2).  On June 20, 2017, this court issued an order dismissing the complaint with leave to amend

18 and directed plaintiff to file an amended complaint within thirty days (ECF No. 3).  To date, plaintiff

19 has failed to file an amended complaint.

20        District courts have the inherent power to control their dockets and "[i]n the exercise of that

21 power, they may impose sanctions including, where appropriate . . . dismissal" of a case.  *Thompson*

22 *v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an

23 action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court

24 order, or failure to comply with local rules.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir.

25 1995) (dismissal for noncompliance with local rule);  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61

26 (9th Cir. 1992)  (dismissal for failure to comply with an order requiring amendment of complaint);

27 *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local

28

rule requiring pro se plaintiffs to keep court apprised of address);  *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order);  *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The court's order requiring plaintiff to file an amended complaint within thirty days expressly stated: "Plaintiff is advised that if he does not file an amended complaint within the specified time period, the court will recommend dismissal of his complaint WITH PREJUDICE."  (ECF No. 3).  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the court's order to file an amended complaint within thirty days.

It is therefore recommended that this action be dismissed with prejudice based on plaintiff's failure to file an amended complaint in compliance with this court's order (ECF Nos. 3).

2

The parties are advised:

1.     Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.     This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

<strong>RECOMMENDATION</strong>

**IT IS THEREFORE RECOMMENDED** that this action be dismissed with prejudice based on plaintiff's failure to file an amended complaint in compliance with this court's order (ECF Nos. 3).

**IT IS FURTHER RECOMMENDED** that judgment be entered accordingly.

**DATED**: October 25, 2017.

_____
**UNITED STATES MAGISTRATE JUDGE**

3